UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JUAN DIAZ,                                                                      1:22 Civ. 3086

                                                          :

                        Plaintiff,                                              **COMPLAINT**

                                                          :

            -vs-                                                                Plaintiff Demands a Jury

                                                          :

JETBLUE AIRWAYS CORPORATION,

                                                          :

                        Defendant.
--------------------------------------------------------X

Plaintiff Juan Diaz, as and for his complaint against defendant JetBlue Airways

Corporation, alleges as follows:

1.         This is an action for damages and other relief for age discrimination in violation

of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*, the

New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, and the New York City

Human Rights Law, N.Y. City Admin. Code §§ 8-101, *et seq.*

### Jurisdiction and Venue

1.         This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal

question) and 28 U.S.C. § 1332 (diversity).  This Court has supplemental jurisdiction over the

state law claims pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same

case or controversy as the federal law claims.

2.         Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the

events and omissions giving rise to plaintiff's claims occurred in this District.

### The Parties

3.         Plaintiff Juan Diaz is over the age of 40.  He is a resident of New Jersey.

4.      Defendant JetBlue Airways Corporation is a corporation organized under the laws of the State of Delaware with a principal place of business at 27-01 Queens Plaza North, Long Island City, New York 11101.

## Facts Relevant to All Claims

5.      Plaintiff is an aircraft maintenance technician with more than 40 years of experience providing high-quality maintenance for a variety of commercial and military aircraft.

6.      Plaintiff's experience includes six years as a Crew Chief with the United States Air Force; approximately five years as an Aircraft Technician on both wide- and narrow-body aircraft for United Airlines; another five years as a Crew Chief with American Eagle Airlines, where he was responsible for complete line maintenance and inspections of American Eagle's fleet; and almost 10 years of experience as an aircraft technician for JetBlue's fleet of Airbus and Embraer aircraft.

7.      In March 2011, plaintiff was hired by JetBlue as an aircraft technician with the title "Tech Ops Mtx."  Plaintiff was responsible for the maintenance and airworthiness of the company's aircraft.  His job responsibilities included analyzing the daily workload and task requirements for the aircraft and performing preventive, routine, and non-routine maintenance.

8.      In or about July 2020, JetBlue announced that it was looking for volunteers to resign in response to the COVID-19 pandemic and the dramatic decrease in air travel.  The announcement made clear that JetBlue considered this to be a temporary situation.

9.      News reports revealed that the company was asking employees to "resign voluntarily" because of conditions that were placed on it when it accepted more than $900 Million in federal funding under the CARES Act.

10.     The agreement that JetBlue presented to plaintiff acknowledged in several places that the company anticipated re-hiring employees once air travel rebounded from the pandemic. Plaintiff signed the agreement in July 2020.

11.     In or about March 2021, JetBlue announced that it was hiring qualified individuals for the Tech Ops Mtx. position that plaintiff had held until less than a year earlier. Plaintiff immediately submitted an application for the position and had a virtual interview.

12.     Plaintiff has comprehensive knowledge of and experience with all the technical requirements for the job.  During nearly 10 years of prior experience with JetBlue, plaintiff received extensive training on aircraft maintenance in general and the specific maintenance procedures and requirements at JetBlue.  Plaintiff was also enrolled in the JetBlue scholar program.

13.     Plaintiff qualified for a number of critical certifications for the specific types of aircraft flown by JetBlue, including Engine Run & Taxi (ER&T) for Airbus and Embraer, TRAX, AW, RII, Cat III, RVSM, GMM, AMM, CMM, IPC, and SRM, all of which contributed to efficiencies and quality of work.  For example, plaintiff's RII ("Required Inspection Items") certification meant that he had the required knowledge of items of maintenance and alteration that must be inspected because they could result in a failure, malfunction, or defect endangering the safe operation of the aircraft if not performed properly or if improper parts or materials were used.  Plaintiff was RII certified on the Airbus and Embraer aircraft that JetBlue flies.

14.     Plaintiff also had practical, on-the-job experience with the Airbus and Embraer aircraft in JetBlue's fleet that could not be taught in a classroom.

15.     Plaintiff was highly qualified for the position.

16.     After reviewing plaintiff's experience and qualifications for the job, JetBlue invited him to its offices for an in-person interview.  Plaintiff answered all of the interviewer's questions completely, accurately, and professionally.

17.     On April 22, 2021, just one day after JetBlue saw plaintiff in person for the interview, he received an email from JetBlue stating that they "will not be moving you to the next step in the selection process."

18.     JetBlue knew plaintiff's age when it denied plaintiff employment.

19.     Upon information and belief, JetBlue hired individuals for the position who are younger than plaintiff, including individuals under the age of 40.

20.     Upon information and belief, the individuals who were hired for the position have less experience than plaintiff has.

21.     Upon information and belief, the individuals hired by JetBlue required extensive training because they lack the certifications and training necessary to perform all the required job responsibilities.

22.     Upon information and belief, JetBlue denied plaintiff employment because of his age.

23.     On September 20, 2021, plaintiff filed a timely charge of age discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

24.     More than 60 days have passed since the filing of the EEOC charge.

25.     The EEOC has not responded to the EEOC charge.

26.     Plaintiff has exhausted his administrative remedies.

**First Claim for Relief**
**For Age Discrimination in Violation of**
**The Age Discrimination in Employment Act**

27.     Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

28.     Defendant JetBlue Airways Corporation discriminated against plaintiff based on his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*

29.     The stated reasons for the defendant's conduct were not the true reasons, but instead were pretext to hide the defendant's discriminatory animus.

**Second Claim for Relief**
**for Age Discrimination in Violation of**
**The New York State Human Rights Law**

30.     Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

31.     At all times relevant to this complaint, plaintiff was over the age of 40.

32.     At all times relevant to this complaint, plaintiff was fully qualified for the position at issue.

33.     Upon information and belief, defendant refused to hire plaintiff because of his age.

34.     The stated reasons for defendant's conduct were not the true reasons, but instead were pretext to hide defendants' discriminatory animus.

35.     Plaintiff suffered damages as a direct and proximate result of defendant's illegal conduct.

5

36.     Defendant's conduct constitutes age discrimination in violation of the New York

State Human Rights Law.

### Third Claim for Relief
### For Age Discrimination in Violation of
### The New York City Human Rights Law

37.     Plaintiff repeats and realleges each and every allegation set forth above as if fully

restated herein.

38.     Defendant's conduct constitutes age discrimination in violation of the New York

City Human Rights Law.

### Jury Demand

39.     Plaintiff is entitled to and demands a jury trial.

### Prayer for Relief

WHEREFORE plaintiff Juan Diaz requests judgment against defendant JetBlue Airways

Corporation awarding him compensatory, liquidated and punitive damages in amounts to be

determined at trial, reasonable attorneys' fees, expert fees and the costs of this action, and such

other and further relief as this Court deems just and proper.

Dated: New York, New York          THE HOWLEY LAW FIRM P.C.
       May 25, 2022

                                        */s John J.P. Howley*
                                   By: _____
                                        John J.P. Howley
                                        *Attorneys for Plaintiff*
                                        1345 Avenue of the Americas, 2nd Floor
                                        New York, New York  10105
                                        (212) 601-2728